UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QILONG MIN,

                              *Plaintiff*,      **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

    -against-

                                               1:23-CV-1201
                                                (TJM/ML)

STATE UNIVERSITY OF NEW YORK AT ALBANY,
CHRISTOPHER THORNCROFT and BRIAN SELCHICK,

                              *Defendants*.

_____

      WHEREAS the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

      IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

      1.    As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

      2.    As used herein, the term Personally Identifying Information ("PII") includes any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means (e.g., social security numbers,

financial account numbers, passwords, and information that may be used for identity theft). PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

      3.      Plaintiff may designate as confidential documents ("Confidential Material"):

           a.      Plaintiff's medical records (including, but not limited to, drug or substance abuse records), and mental health records that contain Plaintiff's PII.

      4.      Transcripts of depositions taken in this Action, together with any exhibits, will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material, consistent with the meaning of what is described in Paragraph 3 herein, specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential Material referred to therein. Such designations must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material. Nothing contained herein shall remove a previous Confidential Material designation from any exhibit mentioned, referenced, marked, identified or otherwise utilized during the deposition.

      5.      An inadvertent failure to designate documents as Confidential Material may be corrected by supplemental written notice given as soon as practicable.

      6.      To the extent Defendants' counsel obtained copies of documents described in Paragraph 3 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material.

7.	In the event a party challenges another party's or a non-party's designation of Confidential Material, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court, provided that such application is made within thirty days of receipt of said designated material. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential Material shall be treated as such until either the parties agree or the Court rules otherwise. Nothing in this Protective Order constitutes an admission by any party or non-party that Confidential Material disclosed in this action is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Material.

8.	Confidential Material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving party and their counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

9.	Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

10.	The parties shall not disclose Confidential Material to any person not a party or a member of the staff of the parties' attorneys' offices, except under the following conditions:

    a.	Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action, or trial of this action, or any appeal thereof.

    b.	Disclosure before trial may be made only to:

        i.	An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;

3

      ii.     An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

      iii.    A witness at deposition;

      iv.    The Court, including court personnel; and

      v.     Any other person agreed to by the Producing Party.

c.     Before any disclosure is made to a person listed in subparagraph (b)(i) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

11.    Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that in the event that Defendants' counsel intends to produce documents containing Confidential Material or that contain Confidential Material obtained from such documents in response to such order, Defendants' counsel shall serve notice of such order upon Plaintiff's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Plaintiff the opportunity to seek a protective order against such production.

12.    The Confidential Material shall not be disclosed in open court without first affording Plaintiff's counsel an opportunity to contest disclosure and/or admissibility of such Confidential Material.

13. If Defendants' attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential Material (as defined in this Stipulation and Protective Order), and Plaintiff's attorneys do not provide consent in writing, Defendants' attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

14. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

15. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

16. Within sixty (60) days of the conclusion of this Action, including appeals, Defendants' counsel shall either return to Plaintiff's counsel all Confidential Material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material, in whole or in part, and any copies made therefrom or shall notify Plaintiff's counsel in writing that

all such material has been destroyed. Notwithstanding the foregoing, Defendants' counsel may retain: (1) attorney work product that refers to or relates to Confidential Material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential Material will continue to be protected by this Stipulation and Protective Order.

17. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraph 3 herein.

Coburn, Greenbaum, & Eisenstein, PLLC
*Attorneys for Plaintiff*
1710 Rhode Island Avenue, N.W.
Second Floor
Washington, D.C. 20036

By: /s/ Barry Coburn
      Barry Coburn, Esq.

Dated: Washington, D.C.

  January 15, 2025

LETITIA JAMES
Attorney General
New York State Office of the Attorney General
*Attorney for Defendants*

By: *Aimee Cowan*
Aimee Cowan, Esq.
300 S. State Street, Ste. 300
Syracuse, New York 13202

Dated: Syracuse, New York

January 16, 2025

SO ORDERED:

Dated: January 17, 2025

*Miroslav Lovric*

Magistrate Judge Miroslav Lovric

## **CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Qilong Min v. State University of New York at Albany, et al</u>., 1:23-cv-1201, currently pending in the United States District Court for the Northern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER